UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CENTEX HOMES,<br><br>                              Plaintiff,<br><br>   v.<br><br>FINANCIAL PACIFIC INSURANCE COMPANY, et al.,<br><br>                              Defendants. | Case No.  2:19-cv-01034-JCM-DJA<br><br>ORDER |

Presently before the court is defendant Scottsdale Insurance Company's ("Scottsdale") motion for determination of good faith settlement.  (ECF No. 64).  Defendant St. Paul Fire and Marine Insurance Company ("Travelers") responded in opposition.  (ECF No. 71).  Scottsdale replied.  (ECF No. 72).

**I.     Facts**

This matter arises from an insurance dispute following defective construction developments. After Centex initiated this case against defendants, the parties participated in mediation on July 29, 2020.  (ECF No. 64).  "Although no settlement was reached at the mediation, Centex and Scottsdale engaged in further negotiations through the mediator and Centex agreed to settle this action with Scottsdale and dismiss all claims against Scottsdale for a settlement of $45,000.00."  (*Id.*)

The court now considers Scottsdale's motion for determination of good faith settlement.

**II.    Legal Standard**

Under Nevada law, the determination of whether a settlement is entered in "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts

available." *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686-87 (Nev. 2004).

Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563.

**III.   Discussion**

Travelers opposes Scottsdale's motion for determination of good faith settlement because, "[a]s a good faith determination is only available between tortfeasors, any attempt by Scottsdale to terminate Travelers' claims for equitable contribution through assertion of NRS 17.245 necessarily fail. (ECF No. 71). This court is unpersuaded. As Scottsdale notes in reply, "th[is] case sounds in tort." (ECF No. 72). Under Nevada law, courts look to the "gravaman of the complaint" in determining the applicable law. *State Farm Mut. Auto. Ins. Co. v. Wharton*, 495 P.2d 359, 361 (Nev. 1972) ("If the complaint states a cause of action in tort, and it appears that this is the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence of or breach of a contract. In other words, it is the object of the action, rather than the theory upon which recovery is sought, that is controlling."). Here, this court determines the good faith settlement for the claims that Centex has alleged against Scottsdale. (ECF No. 64).

Having addressed Travelers' objection, this court examines whether the settlement in question satisfies the applicable *MGM* factors. 570 F. Supp. at 927. Scottsdale's motion sufficiently addresses each of these factors. (ECF No. 62). Scottsdale submits that it has

reached an agreement with plaintiff Centex Homes ("Centex") to settle for $45,000, to be paid by Scottsdale's participating insurance carrier. (*Id.*) In exchange, Centex will dismiss all its claims against Scottsdale.

Scottsdale asserts that the parties arrived at this amount as the result of an arms-length negotiation using a neutral mediator. All settlement proceeds will go to plaintiff Centex. Although the "parties did not consider the policy limits" of Scottsdale's policy, Scottsdale discloses here that their policy includes a one million dollar liability limit. Scottsdale remains solvent and operative as an insurance company. Finally, Scottsdale asserts that the parties' settlement were free from collusion, fraud, or tortious conduct. (*Id.*)

In light of the foregoing, the court finds that the settlement between Scottsdale and Centex was made in good faith. Scottsdale's motion is granted.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that OPM's motion for determination of good faith settlement (ECF No. 64) be, and the same hereby is, GRANTED.

DATED THIS 7th day of October, 2020.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE